IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | | |
|---|---|---|
| MICHAEL ALAN TARVER | § | PLAINTIFF |
| | § | |
| v. | § | Civil No. 3:19cv21-HSO-JCG |
| | § | |
| ROBERT J. MIMS, *et al.* | § | DEFENDANTS |

**<u>MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS
ROBERT J. MIMS AND RICKY KNIGHT'S [25] MOTION TO DISMISS, AND
GRANTING DEFENDANT DAVID NORQUIST'S [33] MOTION TO DISMISS</u>**

BEFORE THE COURT are Defendants Robert J. Mims and Ricky Knight's Motion [25] to Dismiss and Defendant David Norquist's Motion [33] to Dismiss. Plaintiff Michael Alan Tarver has filed a Response [38] in opposition to Mims and Knight's Motion [25] to Dismiss, and Mims and Knight have filed a Rebuttal [39]. Plaintiff also filed a "Response" [40] or Surrebuttal to Mims and Knight's Rebuttal [38]. Plaintiff has not filed any Response in opposition to Norquist's Motion [33] to Dismiss.

After due consideration of the Motions [25], [33], the record, and relevant legal authority, the Court finds that both Motions [25], [33], should be granted, and this case will be dismissed without prejudice.

I. <u>BACKGROUND</u>

On February 1, 2019, Plaintiff Michael Alan Tarver ("Plaintiff" or "Tarver") filed through counsel a Complaint [1] against Defendants Robert J. Mims, Assistant United States Attorney, in His Official and Individual Capacity ("Mims"); Ricky

Knight, Environmental Protection Agency, in his Official and Individual Capacity ("Knight"); Boyle Skene Water Association Attorney S. David Norquist ("Norquist"); and John Does 1-10. According to the Complaint, "[t]his action is to recover actual and punitive damages for unreasonable seizure of the person in violation of the First, Fourth Amendment, Fifth, and Sixth Amendments of the United States Constitution," based upon "the wrongful arrest, incarceration, and malicious prosecution of Plaintiff to infringe or impede Plaintiff's First Amendment rights." Compl. [1] at 1. Plaintiff asserts that "[a]t all relevant times, all Defendants acted under color of law and official title." *Id.* at 3.

Summonses for each of the three named Defendants were prepared and purportedly served via United States certified mail, return receipt requested. *See* Mims Proof of Service [5] at 1; Norquist Proof of Service [6] at 1; Knight Proof of Service [7] at 1. Summonses were also served by the same method upon the United States Attorney for the Northern District of Mississippi, Chad Lamar, and then-Acting United States Attorney General Matthew G. Whitaker. *See* Lamar Proof of Service [8] at 1; Whitaker Proof of Service [9] at 1.

Mims and Knight have filed a Motion [25] to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6). They argue that: (1) Plaintiff's purported service of process upon them was insufficient such that the claims against both Defendants should be dismissed under Rule 12(b)(5); (2) the Court lacks personal jurisdiction over non-resident Knight such that Plaintiff's claims against him should be dismissed pursuant to Rule 12(b)(2); (3) the Complaint fails to state a claim against Mims and Knight individually, such that it should be

2

dismissed under Rule 12(b)(6); (4) the claims against Mims and Knight should be dismissed because they are both entitled to official immunity or, at least, qualified immunity; and (5) the claims against Mims and Knight in their official capacities should be dismissed because the United States has not waived sovereign immunity for claims alleging a constitutional violation by a federal officer. *See* Mem. [26] at 6-21.

Norquist has also filed a Motion [33] to Dismiss invoking Rules 12(b)(2), 12(b)(5), and 12(b)(6), and joining in all defenses and claims raised by Mims and Knight's Motion [25] to Dismiss. *See* Mot. [33] at 1-2. Norquist argues that Plaintiff attempted to serve him by certified mail, but that service upon him in that manner is not permitted by the Federal Rules of Civil Procedure and "fails to meet the mandates of [Rules] 4(e) and 4(i)(3)," such that the claims against him should be dismissed pursuant to Rule 12(b)(5). *Id.* at 1. Norquist further contends that the claims against him should be dismissed under Rule 12(b)(6) because claims against him "under the color of 42 U.S.C. § 1983 are not cognizable." *Id.* at 2.

After Defendants filed their Motions [25], [33] to Dismiss, Plaintiff's attorneys were permitted to withdraw as counsel. *See* Order [34] at 1. Plaintiff subsequently filed a pro se Response [38] in opposition to Mims and Knight's Motion [25] to Dismiss, asserting that Mims and Knight were properly served and that the Court has personal jurisdiction over Knight in light of his alleged perjury. *See* Resp. [38] at 1-2. Plaintiff maintains that 42 U.S.C. § 1983 is applicable to Mims and Knight because it applies to federal employees, *see id.* at 2, and that the Court should "infer a Bivens remedy" and recognize a cause of action against Mims and

3

Knight based on their alleged violation of the Fourth Amendment, *see id.* at 3; *see also Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389 (1971). Finally, Plaintiff asserts that the Court should find that Mims and Knight are not entitled to absolute immunity because they purportedly "relinquished their immunity when they committed illegal acts." Resp. [38] at 3. Plaintiff did not respond to Norquist's Motion [33] to Dismiss.

## II. DISCUSSION

A. Relevant legal authority

All three Defendants seek dismissal on a number of grounds, including insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). Rule 12(b)(5) permits a party to assert the defense of insufficient service of process by motion. *See* Fed. R. Civ. P. 12(b)(5). Defendants challenge the mode of service of the Summonses and the Complaint. Because "the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity." *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).

Federal Rule of Civil Procedure 4(i) directs the manner in which the United States and its agencies, corporations, officers, or employees must be served:

(1) **United States.** To serve the United States, a party must:
   (A)  (i)  deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
       (ii)  send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
  (B)  send a copy of each by registered or certified mail to the

4

> > Attorney General of the United States at Washington, D.C.; and
> > (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
> (2) ***Agency; Corporation; Officer or Employee Sued in an Official Capacity.*** To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.
> (3) ***Officer or Employee Sued Individually.*** To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e) . . . .

Fed. R. Civ. P. 4(i)(1)-(3).[1]

Rule 4(e) provides that an individual

> may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Rule 4(e)(1) also permits service upon an individual in accordance with state

---

[1] Rule 4(j)(3) provides that a plaintiff may serve the individual officer or employee under Rules 4(e), 4(f), or 4(g). *See* Fed. R. Civ. P. 4(i)(3). Rule 4(f) deals with serving an individual in a foreign country, while Rule 4(g) concerns serving a minor or an incompetent person. *See* Fed. R. Civ. P. 4(f), 4(g). Thus, those provisions are inapplicable here.

law. *See id.* Under Mississippi law, service upon an individual is permitted by process server, sheriff, or mail, depending upon the category of the person to be served. *See* Miss. R. Civ. P. 4(c). With respect to service of an individual by mail,

> [a] summons and complaint may be served upon a defendant . . . by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender.

Miss. R. Civ. P. 4(c)(3)(A).

For out-of-state defendants, such as Knight, Mississippi Rule of Civil Procedure 4(c)(5) provides that

> [i]n addition to service by any other method provided by this rule, a summons may be served on a person outside this state by sending a copy of the summons and of the complaint to the person to be served by certified mail, return receipt requested. Where the defendant is a natural person, the envelope containing the summons and complaint shall be marked "restricted delivery." Service by this method shall be deemed complete as of the date of delivery as evidenced by the return receipt or by the returned envelope marked "Refused."

Miss. R. Civ. P. 4(c)(5). The "restricted delivery" method is "intended to ensure that direct delivery to the addressee or to the person authorized in writing as the addressee's agent is achieved." *Pritchard v. Pritchard*, 282 So. 3d 809, 813 (Miss. Ct. App. 2019) (quotation omitted). Without the "restricted delivery" designation, service of process by certified mail is defective. *See id.*

B. <u>Plaintiff's attempted service upon Mims and Knight</u>

Mims and Knight are officers or employees of the United States, and Plaintiff sues them in both their individual and official capacities for purported acts or omissions occurring in connection with duties performed on behalf of the United

6

States. *See* Compl. [1] at 1-3. Mims resides in Mississippi, while Knight resides out of state. *See id.* at 2-3. Federal Rule of Civil Procedure 4(i)(3) therefore required Plaintiff to serve the United States, as well as Mims and Knight, in accordance with Rule 4(e). *See* Fed. R. Civ. P. 4(i)(3).

Plaintiff attempted service upon Mims and Knight by certified mail, return receipt requested. *See* Mims Proof of Service [5] at 1; Knight Proof of Service [7] at 1. The process server mailed Mims' Summons to an address that is identified as "U.S. Attorney Office" in Oxford, Mississippi. Mims Receipt [5-1] at 1. This article of mail was signed for by someone other than Mims, and there is no evidence that the individual who signed was authorized to receive service of process on behalf of Mims. *See id.* This method of attempted service did not comport with Rule 4(e)(2) because the Summons and Complaint were not delivered personally to Mims, *see* Fed. R. Civ. P. 4(e)(2)(A), they were not left at Mims' dwelling or usual place of abode, *see* Fed. R. Civ. P. 4(e)(2)(B), and they were not delivered to an agent authorized by appointment or by law to receive service of process on behalf of Mims, *see* Fed. R. Civ. P. 4(e)(2)(C).

Nor did this method of attempted service comply with the Mississippi Rules of Civil Procedure. Mississippi Rule of Civil Procedure 4(c)(3)(A) permits service "by first-class mail, postage prepaid," but service by certified mail is not permitted. Miss. R. Civ. P. 4(c)(3)(A). Although Mississippi Rule of Civil Procedure 4(c)(5) allows a summons to be served upon a person outside the State of Mississippi "by certified mail, return receipt requested," Miss. R. Civ. P. 4(c)(5), the attempted service upon Mims occurred within Mississippi, *see* Mims Receipt [5-1] at 1.

7

Plaintiff's attempted service of Mims was improper under Mississippi law because he attempted to serve an in-state defendant using a method specifically reserved for out-of-state defendants. *See* Miss. R. Civ. P. 4(c)(5); *see also, e.g., Triple C Transp., Inc. v. Dickens*, 870 So. 2d 1195, 1198-99 (Miss. 2004) (noting that the certified mail procedure of Mississippi Rule of Civil Procedure 4(c)(3)(A) is not available to serve a person within the State of Mississippi). Thus, Plaintiff's purported service upon Mims was not effective.

Plaintiff also attempted service upon Knight by certified mail, return receipt requested. *See* Knight Proof of Service [7] at 1. The process server sent the Summons to Knight at "Gulf Ecology Division/ORD" in Gulf Breeze, Florida. *See* Knight Receipt [7-1] at 1. As the Court has previously discussed, this method of service is not authorized by Federal Rule of Civil Procedure 4(e) for serving an individual. Nor did Plaintiff's attempted service upon Knight comply with the Mississippi Rules of Civil Procedure. While Mississippi Rule of Civil Procedure 4(c)(5) does permit a summons to be served on a person outside of Mississippi "by sending a copy of the summons and of the complaint to the person to be served by certified mail, return receipt requested," where, as here, "the defendant is a natural person, the envelope containing the summons and complaint shall be marked 'restricted delivery.'" Miss. R. Civ. P. 4(c)(5). There is no indication that the envelope addressed to Knight was so marked. In fact, on the return receipt for "Service Type," the process server did not check any box for restricted delivery, and the delivery was apparently not restricted as it appears the envelope was received by someone other than Knight. *See* Knight Receipt [7-1] at 1. Plaintiff's

8

attempted service upon Knight was also defective.

C.   Plaintiff's attempted service upon Norquist

Plaintiff's process server attempted to serve Norquist by certified mail, return receipt requested, at an address in Cleveland, Mississippi. *See* Norquist Proof of Service [6] at 1; Norquist Receipt [6-1] at 1. It appears that the envelope was received by someone other than Norquist. *See* Norquist Receipt [6-1] at 1.

As the Court has already discussed, service upon an in-state defendant by certified mail is not permitted under either the Federal or the Mississippi Rules of Civil Procedure. *See, e.g.,* Fed. R. Civ. P. 4(e); Miss. R. Civ. P. 4(c)(5). Plaintiff's purported service upon Norquist was improper.

D.   Dismissal under Rule 4(m) is warranted

Federal Rule of Civil Procedure 4(m) states in relevant part that

> [i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

The Complaint was filed on February 21, 2019, and to date, no Defendant has been properly served. Because Plaintiff did not effect proper service upon Defendants within 90 days of filing the Complaint, his claims are subject to dismissal under Federal Rule of Civil Procedure 4(m). Plaintiff has not demonstrated good cause for this failure. He has had ample notice of the defects in his attempted service upon Defendants since their Motions to Dismiss were filed

9

over seven months ago, yet Plaintiff has made no effort to cure those defects. The Court finds that Plaintiff's claims against Defendants should be dismissed without prejudice under Federal Rule of Civil Procedure 4(m).[2]

E.   Dismissal of the official-capacity claims

To the extent Plaintiff properly served Mims and Knight in their official capacities only, dismissal of the claims against Mims and Knight in their official capacities is nevertheless required on grounds of sovereign immunity. *See* Mem. [26] at 20-21 (arguing dismissal is required on sovereign immunity grounds).

Suits against officials in their official capacities are treated as suits against the government entity. *See, e.g., Hafer v. Melo*, 502 U.S. 21, 25 (1991). In this case, Plaintiff asks the Court to "infer a Bivens remedy" and recognize a cause of action against the Defendant federal employees Mims and Knight for their alleged violation of the Fourth Amendment, *see* Resp. [38] at 1-2, and award money damages, *see* Compl. [1] at 16. However, the United States Supreme Court has explicitly declined to extend *Bivens* to permit suits against a federal agency. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 69 (2001) (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 484-86 (1994)). *Bivens* "provides a cause of action only against government officers in their individual capacities." *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999). Claims against the United States are barred by the doctrine of sovereign immunity. *See id*. The

---

[2] Rule 4(i)(4) provides that a "court must allow a party reasonable time to cure its failure to . . . serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee." Fed. R. Civ. P. 4(i)(4). Because Plaintiff has not served Mims or Knight, this Rule is not implicated here.

Court therefore lacks subject-matter jurisdiction over Plaintiff's claims against Mims and Knight in their official capacities, and dismissal without prejudice under Rule 12(b)(1) is required.[3]

### III. CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result. This case will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendants Robert J. Mims and Ricky Knight's Motion [25] to Dismiss, and Defendant David Norquist's Motion [33] to Dismiss, are both **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** under Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 4(m), as stated herein. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 13th day of March, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

---

[3] Norquist is not sued in any official capacity. *See* Compl. [1] at 1, 3. Plaintiff claims that Norquist "served as a quasi-government employee." *Id.* at 3.